**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON MENDOZA LOPEZ, | No. 11-71015 |
| Petitioner, | Agency No. A094-211-402 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Ramon Mendoza Lopez, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an immigration judge's decision denying his applications for relief from

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  Reviewing for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's determination regarding good moral character, *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001), we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Mendoza Lopez is statutorily barred from establishing the good moral character required to qualify for cancellation of removal and voluntary departure because he voluntarily gave false testimony under oath at his asylum interview in 2007 with the subjective intent to obtain an immigration benefit. *See* 8 U.S.C. §§ 1101(f)(6), 1229b(b)(1)(B), 1229c(b)(1)(B); *Castillo-Cruz v. Holder*, 581 F.3d 1154, 1162 (9th Cir. 2009) (holding that the period for demonstrating good moral character "is calculated backwards from the date on which the . . . application is finally resolved by the IJ or the BIA"); *Ramos*, 246 F.3d at 1266 (concluding that a petitioner who had made false statements under oath during an asylum interview had given false testimony for the purpose of obtaining immigration benefits and could therefore not establish good moral character, even though she had later withdrawn her asylum application and had admitted to the immigration judge that she had lied during the interview).

We lack jurisdiction to review Mendoza Lopez's challenges to the validity of his oath at the asylum interview because he failed to raise these contentions

before the BIA. *See Ramos*, 246 F.3d at 1267 ("Failure to raise an argument before the BIA deprives this court of jurisdiction." (citations omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**